

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35587-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE J. LIGHT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Kyle Light appeals from his convictions for first degree burglary of his brother's apartment, theft of a firearm, and second degree unlawful possession of a firearm, primarily contending that his attorney provided ineffective assistance of counsel by failing to object to the admission of his brother's written statements to the police. Concluding that he has not established prejudice, we affirm the convictions, but remand for further consideration of his legal financial obligations (LFOs).

FACTS

Ryan Light shared an apartment in Asotin with a roommate during the spring of 2016. He allowed his brother Kyle to stay at the apartment on occasion. Kyle did not

have a key and was allowed in the apartment only when Ryan let him in. Kyle Light also was one of the few people who knew that Ryan Light owned a handgun and where it was stored.

Ryan Light returned to his apartment on March 22, 2016, to find a window broken and his pistol missing. He reported the crime to the police and named his brother as the likely suspect. He later received a phone call from his brother, and a text reportedly sent by his brother, inquiring about the crime and why Kyle was the suspect; the text message indicated that Kyle had only borrowed the gun for protection and would return it. On April 4, 2016, Ryan returned home from work and discovered a plastic bag containing his gun hanging on the handle of his front door. He prepared written statements for the police on both occasions.

The prosecutor filed the noted charges and the case proceeded to jury trial. Ryan Light testified consistently with the previously described statements, although acknowledging that his memory was not as good as when he first reported the events. He admitted telling the officer that he suspected Kyle had taken the gun and he posted his suspicions about Kyle on his Facebook page. During the direct examination, the prosecutor offered into evidence both of his written statements to the police; they were admitted without objection from the defense. Report of Proceedings (RP) at 29, 33. Neither of those statements are in the record of this appeal. However, on cross-

examination Ryan Light testified that he did not know whether it was his brother he had talked to or received the text message from.

The prosecutor next put the investigating officer, Donna Manchester, on the stand. She relayed the information that she had received from Ryan Light on both occasions, including his statements that his brother had called and texted him. According to Ryan, Kyle was using the gun for protection and would return it. RP at 57, 85-86.

Kyle Light testified in his own defense. The trial court had previously granted a motion in limine precluding the defense from presenting alibi evidence since the defense was not raised in the pretrial pleadings. Defense counsel advised the court he was not pursuing an alibi defense since no one knew at what time the burglary occurred. RP at 66. When Kyle Light claimed to have been in Yakima on the day of the crime, the court struck the testimony on the objection of the prosecutor.

The jury convicted the defendant as charged. At sentencing, the court commented that Ryan Light "did everything but perjure himself on the stand." RP at 150. The court imposed standard range sentences and also imposed LFOs totaling in excess of $3,000.

Mr. Light appealed to this court. A panel considered the case without hearing argument.

ANALYSIS

The sole issue presented in this appeal is a contention that defense counsel, at both

trial and at sentencing, performed ineffectively.[1]

This court reviews claims of ineffective assistance under well recognized

standards. Counsel's failure to live up to the standards of the profession will require a

new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*,

127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims,

courts must be highly deferential to counsel's decisions. A strategic or tactical decision

is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S.

Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test:

whether or not (1) counsel's performance failed to meet a standard of reasonableness and

(2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be

resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id*.

at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

---

[1] Mr. Light filed a pro se statement of additional grounds in which he argued that his attorney was not a licensed attorney in Washington. Without more explanation, we are unable to consider his arguments. RAP 10.10(c). Although not listed on the Washington State Bar Association's website, we note that his attorney is listed as a longtime member of the Idaho Bar and that it is permissible for attorneys from other states to practice in Washington with permission of the trial court.

Here, we can resolve the ineffective assistance at trial argument on the basis of the second *Strickland* prong and need not discuss whether counsel performed defectively.[2] Kyle Light argues that his counsel erred by failing to seek a limiting instruction that might have limited the statements solely to their impeachment value. If counsel erred in that regard, the error was not prejudicial. On this record, it appears that the only changes in Ryan Light's testimony concerned whether his brother had called and texted him prior to the return of the gun.

This information in the written statements, assuming that it contradicted the testimony elicited by cross-examination, was already before the jury as substantive evidence due to Ryan Light's testimony on direct examination as well as to the testimony of Officer Manchester. The unnecessary admission of cumulative evidence is not reversible error. *State v. Todd*, 78 Wn.2d 362, 372, 474 P.2d 542 (1970).

---

[2] Appellant's failure to designate the two exhibits on appeal makes it difficult to establish that trial counsel erred. If the prosecutor offered the prior statements solely to preemptively impeach his own witness, then defense counsel would have performed deficiently by failing to seek a limiting instruction. ER 105; ER 613. If the statements were offered as a recorded recollection, as it appears the second statement may have been, they should have been read into evidence rather than submitted as exhibits. ER 803(a)(5). If they were admitted as prior statements made under oath, then they were not hearsay at all. ER 801(d)(1)(i); *State v. Smith*, 97 Wn.2d 856, 651 P.2d 207 (1982). The statement located at CP 15 may well qualify under that standard if it is the same statement that became Exhibit 9. On this record, we cannot tell and therefore do not further address the first *Strickland* prong.

The information, assuming it is what Mr. Light claims, was not that significant in light of the fact that the same evidence was properly before the jury from the trial testimony. Kyle Light's testimony also established that he suspected his brother due to the fact that few people knew he had the gun and where it was stored, and he publicly posted that suspicion on Facebook. Confirmation of this information in the exhibits, if that is what happened, simply was not significantly prejudicial in light of all of the evidence.

Mr. Light has not established that his counsel committed prejudicial error in relation to the admission of his brother's two written statements. He also contends that his trial attorney erred by not relying on an alibi defense. Defense counsel explained that decision to the court. RP at 66. Counsel made the tactical decision to eschew the weak and uncertain alibi theory. Under *Strickland*, this was not deficient performance.

Finally, Mr. Light argues that his counsel erred by not challenging the court's inquiry into his ability to pay discretionary LFOs. We need not decide whether counsel erred because we deem this claim sufficient to preserve the issue on appeal and entitles him to the benefit of the recent decision in *State v. Ramirez*, --- Wn.2d ---, 426 P.3d 714 (2018).

After the appeal was filed, the Washington Supreme Court released *Ramirez*. Among its holdings, the court concluded that the 2018 amendments governing LFO obligations were retroactive to any case still pending on direct appeal. *Id*. at 722. The

court also expanded upon the necessary questions the trial court needed to ask in order to afford a proper understanding of the defendant's ability to pay discretionary LFOs. *Id.* at 722-723.

Here, we agree that after *Ramirez*, the trial court's inquiry was insufficient and conclude that Mr. Light is entitled to a new hearing concerning the LFOs. We reverse the LFO ruling and remand for a limited hearing concerning Mr. Light's financial obligations.

Affirmed in part and reversed in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

7